IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAYNE BARHAM and TONYA ANN
JOHNSON, in their individual capacities as
wrongful death heirs of LARRY BARHAM;
and as the soon to be appointed
administrators of THE ESTATE OF LARRY
BARHAM,

     *Plaintiffs*,

v.

HMG HEALTHCARE LLC, et al.,

     *Defendants*.

Case No. 24-2504-EFM

**MEMORANDUM AND ORDER**

Before the Court are Defendants HMG Healthcare, LLC's ("HMGH"), Derek L. Prince's, and R. Wayne Culp's Motions to Dismiss (Docs. 15, 42, 49, & 52) for lack of personal jurisdiction. Plaintiffs Wayne Barham and Tonya Johnson bring this suit as wrongful death heirs of Larry Barham and as co-special administrators of the Estate of Larry Barham naming several Defendants. Plaintiffs assert several claims stemming from the Larry Barham's death attributable to an avoidable fall while he was a resident at the Smoky Hill Rehabilitation Center in Salina, KS. Defendants seek dismissal of all claims made against them under Fed. R. Civ. P. 12(b)(2), asserting that they are out-of-state defendants lacking contacts with Kansas sufficient for the Court to exercise personal jurisdiction over them. Plaintiffs contend that Defendants' operational control over Smoky Hill works to establish personal jurisdiction. For the reasons stated below, the Court denies Defendants' Motions to Dismiss.

## I. Factual and Procedural Background[1]

On August 18, 2024, Larry Barham was a resident at Smoky Hill when he died from an avoidable fall. Plaintiffs allege that Smoky Hill had poor quality of care policies, was understaffed, and undercapitalized; and these deficiencies were the result of HMGH and Prince's oversight.

HMG Park Manor of Salina LLC is incorporated in Texas but does business as the Smoky Hill Rehabilitation Center in Salina, Kansas. HMGH is incorporated in and has its principal place of business in Texas. And Prince and Culp are Texas citizens. HMGH, Prince, and Culp are all owners of Smoky Hill.

Plaintiffs claim that Defendants exercised a considerable level of operational control over Smoky Hill. HMGH exercises control over the staffing budgets, development and implementation of nursing and procedures, hiring and firing of the administrator, and the appointment of the governing body for Smoky Hill. And Prince and Culp exercise control over the leasing, management, staffing, budgeting, oversight, risk management, compliance, implementation and enforcement of policies and procedures of Smoky Hill.

On November 7, Plaintiffs, Larry Barham's surviving children, brought a wrongful death, pain and suffering, and negligence suit against the facility and related entities and individuals. On April 3, 2025, HMGH filed its Motion to Dismiss. On April 23, Culp and Prince filed their Motions to Dismiss. Responses to each motion were timely filed, but no replies were filed. HMGH previously filed a nearly identical Motion to Dismiss on January 24, 2025, but Plaintiffs have since amended their complaint, mooting that initial Motion to Dismiss. The remaining motions are ripe for the Court's ruling.

---

[1] This section is taken from the Complaint and assumed true unless controverted by an affidavit by Defendants. In cases of factual disputes, the Court resolves in favor of Plaintiffs.

## II. Legal Standard

Under Rule 12(b)(2), a defendant may move for dismissal of any claim in which there is no personal jurisdiction.[2] A plaintiff opposing a motion to dismiss based on a lack of personal jurisdiction bears the burden of showing that jurisdiction over the defendant is appropriate.[3] A plaintiff must make a prima facie showing that personal jurisdiction is proper to avoid dismissal.[4] Once the plaintiff makes a prima facie showing, the defendant "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[5]

The court views the allegations in the complaint as true if they are uncontroverted by the defendant's affidavits.[6] "If the parties present conflicting affidavits, all factual disputes must be resolved in the Plaintiffs' favor, and the Plaintiffs' prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[7] "However, only the well pled facts of [the] plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true."[8] The plaintiff must support its jurisdictional allegations in a "complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading."[9]

---

[2] Fed. R. Civ. P. 12(b)(2).

[3] *Thermal Components Co. v. Griffith*, 98 F. Supp. 2d 1224, 1227 (D. Kan. 2000) (citing *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996)).

[4] *Id.*

[5] *Id.* at 1227 (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)).

[6] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[7] *Id.* (internal quotations and citations omitted).

[8] *Id.* (citations omitted).

[9] *Id.* at 1508 (quoting *Pytlik v. Pro. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989)).

### III.     Analysis

Culp's Motion to Dismiss is identical to Prince's. It only addresses the arguments levied at Prince and says nothing of Culp. The memorandum in support even includes Prince's affidavit, which does not contain any information relevant to the allegations against Culp. Plaintiffs point out the issue in their Response, and Culp did not reply. Because Plaintiffs have made a prima facie showing that this Court has jurisdiction over Culp and Culp presents no arguments specific to him, he cannot meet his burden for dismissal. As such, the Court denies Culp's Motion to Dismiss and moves on to analyze HMGH's and Prince's motions.

Defendants HMGH and Prince claim that the Court lacks personal jurisdiction over them. For the Court to have personal jurisdiction over a defendant, the plaintiff must show that the exercise of jurisdiction (1) comports with the Fourteenth Amendment's Due Process Clause and (2) is legitimate under the forum state's long-arm statute.[10] Kansas's long-arm statute allows jurisdiction to be exercised to the fullest extent allowed under the Due Process Clause.[11] Therefore, the Court will proceed directly to the due process analysis.

To establish personal jurisdiction under the Due Process Clause, (1) a defendant must have "purposefully established minimum contacts within the forum State," and (2) the exercise of jurisdiction must "comport with fair play and substantial justice."[12] The "minimum contacts" test comes in two forms: specific and general jurisdiction.[13] Specific jurisdiction allows a court to

---

[10] *Klein v. Cornelius*, 786 F.3d 1310, 1317 (10th Cir. 2015) (citation omitted).

[11] *Merriman v. Crompton Corp.*, 282 Kan. 433, 146 P.3d 162, 179 (2006) (citation omitted).

[12] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476).

[13] *Id*.

exercise jurisdiction over a defendant for the instant case.[14] General jurisdiction allows the Court to exercise jurisdiction over a defendant for any purpose when a defendant is "essentially at home" in a state.[15] Because HMGH and Prince do not seem to be essentially at home in Kansas, the Court will first determine whether specific jurisdiction is established through HMGH and Prince's minimum contacts with Kansas. If minimum contacts establish specific jurisdiction, then the defendant can challenge whether the exercise comports with "fair play and substantial justice" under a five-factor "reasonableness test."[16]

**A.     Specific Jurisdiction**

Specific jurisdiction is established when (1) a defendant has "purposefully directed" their activities toward the forum state, and (2) the plaintiff's injuries "arise out of" the defendant's purposefully directed activities.[17] The Court will analyze each prong in turn.

> *1.     Defendants have purposefully directed their activities toward Kansas through their control over Smoky Hill.*

Plaintiffs allege Defendants' control over Smoky Hill is so dominating that Smoky Hill is merely an alter ego of Defendants. The purposeful direction prong can be satisfied whenever a parent company exercises sufficient control over a subsidiary.[18] Sufficient control can be found whenever a subsidiary's activities "are of such a character as to amount to doing the business of the parent."[19] In *Pro Axess, Inc. v. Orlux Distribution, Inc.*, the Tenth Circuit held there to be

---

[14] *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020) (citing *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017)).

[15] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[16] *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1292 (10th Cir. 2007).

[17] *Burger King*, 471 U.S. at 472 (1985) (citations omitted).

[18] *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1278 (10th Cir. 2005).

[19] *Curtis Pub. Co. v. Cassel*, 302 F.2d 132, 137 (10th Cir. 1962).

sufficient control when a parent company had enough operational control over a subsidiary to hire their president and to order them to conduct business ventures on the parent company's behalf.[20]

In this case, Plaintiffs allege specifically that HMGH had control over Smoky Hill's development and implementation of nursing policies, hiring and firing of their administrator, appointment of their governing body, and general day-to-day control. Plaintiffs support this by including multiple excerpts and screenshots from HMGH's website and their publicly available material. That material claims that HMGH "operates facilities in Texas and Kansas," like Smoky Hill. The material then discusses policies and standards, claims control over the hiring of all caregivers, makes multiple promises of quality care, and takes job applications specifically for Smoky Hill. Thus, HMGH's publicly available material shows a substantial level of operational control over Smoky Hill. This operational control is analogous to *Pro Axess, Inc. v. Orlux Distrib., Inc.* and sufficient for the Court to find that HMGH purposefully directed its activities towards Kansas.

For Prince, Plaintiffs allege he had final authority over decisions of staffing, budgeting, hiring and firing of the administrator, and appointment of the governing body of Smoky Hill. Plaintiffs defend their allegations by including excerpts from a podcast that Prince appeared on. On that podcast, Prince talks about running HMGH's facilities. He talks about how "we" need more nurses and discusses instituting company initiatives to attract and retain employees. He goes on to say that they have started to use "agency staff" across their facilities. And in fact, he claims that HMGH had to spend $50,000 one month on agency staffing for a facility in the "very Northern part of Kansas where it's just such a rural market," which is presumably Smoky Hill. He talks with such personal knowledge in the plural first person that it could be interpreted that he is the one

---

[20] *Pro Axess, Inc.*, 428 F.3d at 1278.

devising and executing these business plans. Therefore, the Court concludes that Prince's prior statements demonstrate that he exercised strategic and financial authority over Smoky Hill's staffing. This level of operational control is also analogous to *Pro Axess, Inc. v. Orlux Distrib., Inc.* and sufficient for a finding that Prince purposefully directed his activities towards Kansas.

In response to Plaintiffs' allegations, Defendants HMGH and Prince submit affidavits that simply deny all allegations of any operational control exercised by them. HMGH's affidavit, submitted by one of their officers, asserts that HMGH does not operate any hospitals or nursing facilities in the State of Kansas. But Plaintiffs point to HMGH's own website boasting that they operate facilities in Kansas. Similarly, Prince's affidavit denies having any control over Smoky Hill. However, as discussed, comments made by Prince in the podcast episode seem to indicate the he did have some operational control over Smoky Hill. Although these affidavits controvert Plaintiffs' allegations, the Court must resolve factual disputes in favor of Plaintiffs. Therefore, the Court finds that Plaintiffs have adequately shown that HMGH and Prince purposefully directed their activities towards Kansas.

*2.    Plaintiff's injuries arose out of Defendants' purposefully directed activities.*

The second prong of the specific jurisdiction analysis requires a plaintiff's injuries to "arise out of" the defendant's purposefully directed activities.[21] So here, Plaintiffs' injuries must arise out of HMGH's and Prince's operational control of Smoky Hill. Plaintiffs adequately plead so in their complaint. Plaintiffs' injuries are tied to their wrongful death claim which they allege was avoidable and caused by Smoky Hill's negligent care and oversight. Further, Plaintiffs allege that HMGH and Prince's operational control of Smoky Hill resulted in Smoky Hill's poor quality of care policies, understaffing, and undercapitalization. Therefore, Plaintiffs have adequately shown

---

[21] *Burger King*, 471 U.S. at 472 (1985) (citations omitted).

that Decedent's wrongful death arose out of HMGH's and Prince's operational control of Smoky Hill.

### B. The Court's exercise of jurisdiction is not unreasonable.

In determining whether exercising jurisdiction over these defendants comports with fair play and substantial justice, the Court must conduct a "case-specific inquiry into the reasonableness of the exercise of personal jurisdiction over a defendant who has minimum contacts with the forum state."[22] To assess reasonableness, there are five factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.[23]

"[T]he reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction."[24]

Here, both HMGH and Prince give only one argument for the unreasonableness of the Court's exercise of personal jurisdiction. They make a conclusory argument that jurisdiction would be unreasonable because Plaintiffs did not establish minimum contacts. But as analyzed, the Court finds that HMGH and Prince have minimum contacts with Kansas sufficient for it to exercise jurisdiction over them. Without other arguments, the Court finds that Plaintiffs' allegations are not unreasonable, and the Court has personal jurisdiction over Defendants.

**IT IS THEREFORE ORDERED** that HMGH's Motions to Dismiss (Doc. 15) is **DENIED** as moot.

---

[22] *TH Agric. & Nutrition, LLC*, 488 F.3d at 1292.

[23] *Id.* (citation omitted).

[24] *Id.* (citations and internal quotations omitted).

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (Doc. 42, 49, & 52) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 8th day of August, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE