**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

WAYNE BARHAM, et al.,

        *Plaintiffs*,

v.

HMG PARK MANOR OF SALINE, LLC, et al.,

        *Defendants*.

Case No. 24-2504-AJP

**MEMORANDUM AND ORDER**

This case arises out of Larry Barham's death from a fall that he sustained while he was a resident at Smoky Hill Rehabilitation Center. Plaintiffs Wayne Barham and Tonya Ann Johnon are his surviving children. They filed suit against six Defendants. Before the Court are Defendants Wayne Culp, Derek Prince, Laurence Daspit, and HMG Healthcare, LLC ("HMG Healthcare") each with a Motion for Summary Judgment (Docs. 116, 118, 120, 122). Plaintiffs filed a notice of non-opposition to all four motions.

For the reasons stated below, the Court finds that Wayne Culp, Derek Prince, Laurence Daspit, and HMG Healthcare are entitled to summary judgment as a matter of law.

## I.    Factual and Procedural Background[1]

Larry Barham fell at Smoky Hill Rehabilitation Center which was operated by Defendant HMG Park Manor of Salina, LLC d/b/a Smoky Hill Health & Rehab ("Smoky Hill").). Defendant HMG Healthcare did not employ, hire, or fire any of the administrators or personnel who provided care to the residents of Smoky Hill. Nor is there any evidence that HMG Healthcare supervised, directed, or controlled any part of the patient care at Smoky Hill. Furthermore, Plaintiffs have not identified an act or omission by HMG Healthcare that caused or contributed to Barham's fall or death. HMG Healthcare had no involvement in Barham's care, fall, fall risk prevention, medical treatment, or death.

Defendant Culp is the Chief Operating Officer of HMG Healthcare, Defendant Prince is the Chief Executive Officer of HMG Healthcare, and Defendant Daspit is the Chief Financial Officer of HMG Healthcare. None of them, however, provided care, treatment, or direct services to Barham at any time during his stay at Smoky Hill. Culp, Prince, and Daspit did not control or participate in the day-to-day operations, staffing decisions, budgets, development or enforcement of clinical policies, or hiring or firing of the facility administrator at Smoky Hill.

Culp, Prince, Daspit, and HMG Healthcare filed individual motions for summary judgment. In response, Plaintiffs filed a notice of non-opposition to all four motions.

## II.    Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A party is thus entitled to summary judgment if the evidence points only one way and no reasonable inferences could support the non-moving party's position." *Genberg v.*

---

[1] The facts set forth are those uncontroverted by the parties unless otherwise cited.

*Porter*, 882 F.3d 1249, 1253 (10th Cir. 2018) (citing *Auraria Student Hous. at the Regency v. Campus Vill. Apartments*, 843 F.3d 1225, 1247 (10th Cir. 2016)). The court views the evidence and all reasonable inferences drawn therefrom "in the light most favorable to the nonmoving party." *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

Initially, the movant bears the burden to show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). The nonmovant must then bring forth "specific facts showing a genuine issue for trial." *James v. Wadas*, 724 F.3d 1312, 1319 (10th Cir. 2013). These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory opinions, allegations unsupported by specific facts, or speculation alone cannot survive a motion for summary judgment. *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citation omitted).

### III.    Analysis

Plaintiffs assert wrongful death and negligence claims against all Defendants for the acts connected to Larry Barham's death. They also claim that Culp, Prince, and Daspit are alter egos of HMG Healthcare and that HMG Healthcare is an alter ego of HMG Services, LLC.

The undisputed facts show that (1) Culp, Prince, and Daspit cannot be sued in their capacities as officers of a limited liability company, (2) they did not owe a legal duty to Larry Barham, and (3) there is insufficient evidence to support an alter ego claim. Furthermore, it is undisputed that Plaintiffs abandoned their claims against HMG Healthcare by not making legal claims or contentions against HMG Healthcare in the Pretrial Order, and Plaintiffs' claims against HMG Healthcare are unsupported by evidence. Lastly, it is undisputed that Plaintiffs failed to establish any of the elements required to prove a joint venture between any of the

-4-

Defendants. Considering Plaintiffs' concession to the facts and law asserted by the Defendants, this Court agrees that as a matter of law these four Defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' Motions for Summary Judgment (Docs. 116, 118, 120, 122) are **GRANTED**.

**IT IS SO ORDERED.**

Dated this 15th day of July, 2026.

ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE